LUBIN & ENOCH, P.C.
Jarrett J. Haskovec
State Bar No. 023926
Stanley Lubin
State Bar No. 003076
349 North Fourth Avenue
Phoenix, AZ 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: jarrett@lubinandenoch.com
       stan@lubinandenoch.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacey L. Burstein, a single woman,<br><br>    Plaintiff,<br><br>vs.<br><br>DRL Corporation, an Illinois Corporation; Realty Corporation, an Illinois Corporation; Charles J. DeGrange, a married man,<br><br>    Defendants. | NO.<br><br><br><br><br>**COMPLAINT** |

**NOW COMES** the Plaintiff, Stacey L. Burstein ("Burstein"), by and through her attorneys, Lubin & Enoch, P.C., to bring this action against the Defendants, DRL Corporation ("DRL"), Realty Corporation ("Realty") and Charles J. DeGrange ("DeGrange"), pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

**INTRODUCTION**

1.  This lawsuit arises pursuant to the overtime provisions of the FLSA, 29 U.S.C. § 201 *et seq.* That

provision requires that any employee either directly engaged in commerce or who works for an employer or enterprise engaged in commerce or in the production of goods for commerce be paid one and one-half times "the regular rate at which he is employed" for all hours worked in excess of forty hours in a given week. Burstein was an employee covered by the statute and was required to work more than forty hours in many weeks, yet was not paid anything for those hours. She files this suit seeking the remedies set forth in the statute for those unpaid hours. Specifically, Burstein pleads as follows:

**PARTIES AND JURISDICTION**

2. Burstein was an employee of DRL and Realty. She was employed as a property manager by these two Defendants from April, 2003 to July 31, 2013. She resides in Scottsdale, Arizona and performed her duties as an employee of DRL and Realty in Scottsdale, Arizona at two offices provided by Defendants: the Bay Colony Executive Center, located at 8777 East Via de Ventura, Suite 101, and the Hayden Corporate Center, located at 8283 North Hayden Road, Suite 250. She was an employee of DRL and Realty within the meaning of 29 U.S.C. § 203(e)(1).

3. At all relevant times DeGrange was, or, at least, functioned as, the CEO of DRL and Realty, and Burstein reported directly to him.

4. DRL is an Illinois corporation and maintains its headquarters in Naples, Florida. At all relevant times, DRL was doing business in Arizona, as well as in Florida and

Illinois.  DRL maintained an office in Scottsdale, Arizona and was engaged in the management of various office buildings in Maricopa County, Arizona.

5.  Realty is an Illinois corporation and maintains its headquarters in Naples, Florida.  At all relevant times, DRL was doing business in Arizona, as well as in Florida and Illinois.  Realty maintained an office in Scottsdale, Arizona and paid Burstein for her services performed as an employee of DRL.

6.  DeGrange is a resident of Naples, Florida and maintains a second residence in Egg Harbor, Wisconsin.

7.  DRL performed services related to the lease and maintenance of office buildings with Realty paying the employees performing work for DRL.  In addition, all major decisions on behalf of DRL and Realty were made by DeGrange. Further, all mail from Burstein went to DeGrange addressed to DRL, many of the vendor contracts were with DRL, Burstein's company credit card was in the name of DRL and DeGrange told her that DRL was the principal corporate entity under which his management businesses were comprised. All of these related activities were engaged in for a common business purpose under the direction and control of DeGrange, thereby making the Defendants an enterprise within the meaning of 29 U.S.C. § 203(r)(1).

8.  Defendants are engaged in commerce or in the production of goods for commerce and/or they handle, sell,

or otherwise work on goods or materials that have been moved in or produced for commerce, and the enterprise's annual gross value of sales or business done exceeds $500,000.

9. In addition, during her employment by Defendants as a property manager, Burstein was engaged in commerce. DeGrange was also engaged in commerce, as he traveled between Florida, Arizona, and Illinois (and, perhaps elsewhere as well) where he and his various corporations held title to a number of real estate and management interests. Among other things, DeGrange regularly gave directives and orders to Burstein from his office, his home in Florida or from his home in Wisconsin. He required her to call him regularly for instructions and to report on leasing activity. She also regularly communicated with out-of-state representatives of current tenants regarding billing questions and with prospective tenants regarding available office space in her buildings. She met with vendors whose corporate offices were located out of state. During their daily telephone conversations, DeGrange gave her instructions on what needed attention.

10. This matter arises under the FLSA. This Court has jurisdiction over this matter pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

11. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391(b).

**FACTUAL ALLEGATIONS**

12. Throughout her employment with Defendants, Burstein was directed by DeGrange to work between 8:00 A.M.

and 5:00 P.M. with a one hour break for lunch. However, she frequently had to work through lunch and she was on call on nights and weekends. She often received calls from current and prospective tenants during those hours. During evening and weekend hours, Defendants required Burstein to meet with the cleaning company's on-site staff, purchase supplies for the maintenance crew, assist with new move-ins and move-outs, show space to prospective tenants, perform lock checks and property inspections, and open the building for vendors. On average, Burstein worked between forty-five (45) and forty-seven (47) hours per week plus an additional twenty (20) to thirty (30) hours per year on an irregular basis.

13. Burstein's work assignments all fell within the normal work of a property management company. In addition, she did not have any authority normally held by true management employees. She was told that all decisions had to be discussed with DeGrange. He, and he alone, handled leasing, and decided on the amount to charge as rent, which vendors to utilize, what expenditures should be made for repairs and maintenance, how much to pay Burstein and the maintenance manager, where to locate offices and what hours Burstein was to work, what her duties and tasks were, and how she was to perform them. DeGrange directed Burstein to consult with him before she could even show space to a prospective tenant. He also told her that she could not sign a contract or leasing agreement and that if she had an issue with a tenant, she was to speak with him first in order to receive instructions concerning how to handle the

matter.

14. At all times Burstein was compensated by a fixed amount each month with no compensation for the overtime hours that she worked. During the past three years she was paid four thousand ($4,000) per month. Her monthly pay did not vary if she took time off for a vacation or due to illness. Nor did it vary despite her regular weekly overtime of forty-five (45) to forty-seven (47) hours and the irregular additional overtime of twenty-five (25) hours per year. She was paid on the fifteenth and last day of every month by a check from the Realty payroll account. Defendants did not pay the employer's share of social security, medicare, workers' compensation, unemployment, or other taxes due on Burstein's pay. As a result, she had to make those payments.

15. Burstein was required by DeGrange to create a limited liability corporation and prepared the papers pursuant to his direction. Burstein was also required to enter into an independent contractor agreement with Defendants. She was not instructed to maintain records of the hours which she worked until shortly before she was laid off. Defendants did not require, prepare, or maintain time records showing what hours Burstein worked.

16. Upon information and belief, as a former licensed attorney and successful businessman, DeGrange is familiar with basic employment laws.

## **LEGAL ALLEGATIONS**

17. Burstein was an employee of the Defendants.

Notwithstanding Defendants classifying her as an independent contractor, her duties and responsibilities make her an employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

18. The ties between DRL and Realty, as set forth in ¶7 above, are such as to constitute an enterprise which is engaging in commerce. 29 U.S.C. §203(r)-(s).

19. DeGrange acted in all respects, on behalf of the enterprise consisting of DRL and Realty, and, therefore, was an employer as defined by 29 U.S.C. § 203(d) of the FLSA.

20. Defendants violated § 7(a) of the FLSA, 29 U.S.C. § 207(a), by requiring, suffering or permitting Burstein to work more than forty (40) hours per week without paying her one and one-half times her regular rate of pay for all hours that she worked in excess of forty (40) each week.

21. Defendants were fully aware of their responsibilities under the statute, but intentionally chose to ignore them, and in so doing caused Plaintiff to be short-changed in her pay. Their actions were willful and egregious, thereby extending the Statute of Limitations to three (3), rather than two (2), years. 29 U.S.C. § 255(a).

22. Burstein is entitled to recover an amount equal to that which she would have received had she been paid for the hours she worked in excess of forty (40) per week, including the appropriate overtime premium plus an equal amount as liquidated damages. Converting her four thousand dollars ($4,000) per month salary to an hourly rate results in a twenty-five dollar ($25) per hour pay rate and a twelve

dollar and fifty cent ($12.50) per hour overtime premium. Using that rate of thirty-seven dollars and fifty cents ($37.50) unpaid overtime wage and the overtime hours that Burstein worked results in an amount due for the unpaid wage and liquidated damages of seventy five thousand eight hundred and twenty-five dollars ($75,825). She is also entitled to recover reasonable attorneys' fees and costs. 29 U.S.C. § 216(b).

23. 20 U.S.C. § 211(c) requires employers to prepare and "make, keep and preserve such records of [employees] and of the wages, hours and other conditions and practices of employment maintained by him" for a period of time as determined by regulations to be enacted by the Department of Labor.

24. Defendants' failure to comply with this requirement automatically shifts the burden of proof as to compliance with the statute to the employer. *United States DOL v. Cole Enters.*, 62 F.3d 775 (6th Cir. 1995).

### RELIEF REQUESTED

For the reasons set forth above, Burstein respectfully requests that the Court enter its judgment in which it finds that the Defendants have willfully violated 29 U.S.C. § 207, and issue the following orders:

a. an Order holding all Defendants jointly and severally liable for Burstein's losses in the amount of the unpaid pay including the overtime premium of $37,912.50. 29 U.S.C. § 216 (b);

b. an Order holding all Defendants jointly and

severally liable to Burstein in an additional amount equal to the unpaid overtime pay of $37,912.50 as liquidated damages as proven at trial pursuant to 29 U.S.C. § 216(b);

 c. an Order holding all Defendants jointly and severally liable to pay Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

 d. an Order holding all Defendants jointly and severally liable to Burstein for pre-judgment and post-judgment interest at the legal amount on all unpaid back wages;

 e. an Order directing all Defendants to pay the total amount due to Burstein plus interest on any continuing amounts owed until paid in full;

 f. such other and further relief as the Court deems fair and equitable.

RESPECTFULLY SUBMITTED this 18th day of October, 2013.

    Respectfully submitted,

    LUBIN & ENOCH, P.C.

    /s/ Stanley Lubin

    Stanley Lubin
    Attorneys for Plaintiff

9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of October, 2013, I electronically transmitted the attached Complaint to the U.S. District Court Clerk's office using the CM/ECF System for filing.


s/Cristina Sanidad